# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL COMPLAINT** |
| v. | : | |
| GLENN COYLE | : | Mag. No. 05-1154 (JJH) |

I, Jacqueline Gregorio, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

On or about November 11, 2005, in Ocean County, New Jersey, and elsewhere, defendant GLENN COYLE, did knowingly and willfully travel in interstate commerce for the purpose of engaging in a sexual act as defined in section 2246 with a person under 18 years of age that would be in violation of chapter 109A if the act occurred in the special maritime and territorial jurisdiction of the United States, in violation of Title 18, United States Code, Sections 2423(b) and 2.

I further state that I am a Special Agent with the Federal Bureau of Investigation and that this complaint is based on the following facts:

SEE ATTACHMENT A

continued on the attached page and made a part hereof.

_____
Jacqueline Gregorio, Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,
on December 9, 2005, in Trenton, New Jersey

HONORABLE TONIANNE BONGIOVANNI            _____
UNITED STATES MAGISTRATE JUDGE                  Signature of Judicial Officer

## ATTACHMENT A

I, Jacqueline Gregorio, a Special Agent with the Federal Bureau of Investigation ("FBI"), having conducted and participated in this investigation and having discussed this matter with other law enforcement officers who have also conducted and participated in this investigation, have knowledge of the following facts:

1. On or about November 11, 2005, Detective Mark S. Cure of the Manchester Township Police Department interviewed a 13 year old female ("G.M.") in Toms River, NJ. GM told Detective Cure that for the past 3 years she had been chatting with a 38 year old male over the internet on AOL from her home computer inside her residence at 1540 Birmingham Avenue, Toms River, NJ. GM stated that she has had sexually explicit email and instant messaging conversations with the male repeatedly, virtually every day and also has spoken to the male by telephone repeatedly. She identified the male as Glenn Coyle of Brooklyn, New York and told the detective that he said he was 38 years old. Prior to November 11, 2005, GM told COYLE on several occasions that she was 14 years old or 13 years old. GM stated that despite the fact that she repeatedly told COYLE that she was a 13 or 14 year old female, COYLE still indicated that he wanted to have sexual intercourse with her. COYLE had also sent nude photographs via computer to GM that showed his exposed genital area and GM had sent COYLE photographs via her computer that showed her naked chest.

2. GM also told Detective Cure that she and COYLE planned to meet on November 11, 2005 at the Bay Head, New Jersey train station at 11:00am. GM planned to take a taxi from her home in Toms River, NJ to the NJ Transit station in Bay Head, NJ. COYLE had told GM that he would pay for the taxi when she arrived at the train station. GM stated that they planned to go back to his apartment in Brooklyn, New York and have sexual intercourse.

3. On November 10, 2005, GM's grandfather notified Manchester Township Police (NJ) that he suspected that his 13 year old granddaughter (GM) was attempting to get together with an adult male named "Glenn" to engage in sexual intercourse. The grandfather, Donald Winters, told the police that he was suspicious of his granddaughter's computer activity and therefore installed a spyware type device on her computer so that he could investigate what she was doing online from her computer. It is in part based on Mr. Winters own investigation of GM's computer usage that her plan to meet with COYLE was discovered.

4. On November 11, 2005, at approximately 2:45 p.m., COYLE arrived at the New Jersey Transit train station in Bay Head, NJ from Grand Central Station, New York City. COYLE was approached and apprehended by Manchester Township police officers. When COYLE was arrested, found in his possession was one adult round trip train ticket

to New York City and one child's round trip train ticket to New York City. The defendant also had several sexual aids, condoms, lubricants, cameras, handcuffs, a folding knife, and a receipt for an adult and a child's round-trip train ticket between Grand Central Station in New York City and Bay Head, New Jersey. It should be noted that COYLE had previously told GM that he intended to videotape their sexual encounter.

6. On November 11, 2005, GM was intercepted and stopped from entering a taxi in front of her residence by her grandfather. GM had a backpack in her possession at the time, in which she was carrying 3 outfits, including a cherry colored bathing suit that COYLE requested that she wear for him.

7. A review of numerous transcripts of email and/or instant messaging conversations between GM (using the name CherryStar123) and COYLE (using the name "NY Italian M") using AOL reveals several sexually explicit conversations between COYLE and GM.

8. Additionally, NYPD officers while conducting a search of COYLE'S residence at 3619 Bedford Avenue, Apt. 3G, Brooklyn, New York discovered a videotape, a portion of which contained what appeared to be COYLE engaging in sexual intercourse with an unidentified minor female (not believed to be GM).