

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Clarkson S. Fisher Federal Building           Tele 609 989 2190
402 East State Street, Room 430              Fax 609 989 2275
Trenton, New Jersey 08608

JDL/PL AGR
2006 RJ 016

January 12, 2007

<u>Via Facsimile @ 732 897 9909 and Federal Express</u>
John P. Doran, Esq.
Attorney-at-Law
510 Deal Lake Drive
Suite 1B
Asbury Park, New Jersey 07712

RECEIVED
JAN 1 7 2007
AT 8:30
WILLIAM T. WALSH, CLERK

Re: <u>Plea Agreement with Glenn Coyle</u>

Dear Mr. Doran:

      This letter sets forth the plea agreement between your client, GLENN COYLE, and the United States Attorney for the District of New Jersey ("this Office"). ~~The terms of this plea agreement will remain open until October 29, 2007 at 5:00 p.m. If an executed agreement is not received in this Office on or before that date and time, the plea agreement will expire.~~

G.C. 1/17/07
JAC
JPD

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from GLENN COYLE to Count One of the Indictment, Criminal No. 06-682 (JAP), which charges that he did knowingly and willfully travel in interstate commerce for the purpose of engaging in sexual activity with a minor, in violation of 18 U.S.C. § 2423(b). If GLENN COYLE enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against GLENN COYLE for his interstate travel for the purpose of engaging in sexual activity with a minor on or about November 11, 2005. In addition, if Glenn Coyle fully complies with the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Count Two of the Indictment, Criminal No. 06-682 (JAP), charging Glenn Coyle with violating Title 18, Section 2422(b). However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by GLENN COYLE may be commenced against

him, notwithstanding the expiration of the limitations period after GLENN COYLE signs the agreement. GLENN COYLE agrees to waive any statute of limitations with respect to any crime that would otherwise expire after GLENN COYLE signs the agreement.

Sentencing

The violation of 18 U.S.C. § 2423(b) to which GLENN COYLE agrees to plead guilty carries a statutory maximum prison sentence of 30 years and a statutory maximum fine equal to the greatest of: (1) $250,000 or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by the any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon GLENN COYLE is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence GLENN COYLE ultimately will receive.

Further, in addition to imposing any other penalty on GLENN COYLE, the sentencing judge: (1) will order GLENN COYLE to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order GLENN COYLE to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order GLENN COYLE, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, may require GLENN COYLE to serve a term of supervised release of not more than five years, which will begin at the expiration of any term of imprisonment imposed. Should GLENN COYLE be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, GLENN COYLE may be sentenced to not more than three years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Glenn Coyle agrees to forfeit to the United States all computer and computer accessories seized by law enforcement on or about November 11, 2005, including, but not limited to (1) the following materials detailed within New York Police Department Property Clerk's Invoice, Receipt M812366-68, dated November 13, 2005: ~~one Blue Tooth Thumb, serial number B1420451001235, one Webcam, serial number CM10401, one IBM laptop computer, one Samsung external drive, serial number VG34323A, three computer towers, serial numbers MXK40B0076, 0018311066, RND0623A086, respectively, one Sanbury Look Box~~ ... ~~Ericsson with battery, serial number 0600, one Nokia with battery, serial number #0160, one green camera case, one Canon video camera, serial number 7005, one Panasonic video camera, serial number 10171,~~ twenty-six floppy computer disks, ~~miscellaneous papers, cards, and letters, and one videotape~~; (2) the following materials listed within New Jersey Police Report, case number 2005-2579, dated November 11, 2005: one E Machine hard drive model W2047, serial number CBM33F0018363, one Motorola V551 cellular phone, MSN #D60GFGN390, IMEI# 356045003527228 (containing a memory card labeled "AT&T Wireless, 8931 0380 1010 7666 8774"), one Motorola Cingular cellular phone, MSN # D60GFBZG59, IMEI # 355605005122467 (containing a memory card labeled "Cingular fits you best, 64K smartchip 8901150040720365324"), ~~one Kodak flash card reader, serial number~~ ... ~~one Nikon digital camera Coolpix model 4100, serial number 4171250, and one IBM power video cord;~~ (3) ~~one Silicon Power Medi memory card (hi-speed pro), one Sandisk CompactFlash memory card (96 mb), one SanDisk CompactFlash Memory Card (256 mb)~~ and (4) all visual depictions that were produced, transported, mailed, shipped or received in violation of the law; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offense charged in the Counts One and Two of the Indictment, Crim. No. 06-582 (JAP). See 18 U.S.C. § 2253.

## Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on GLENN COYLE by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature

and extent of GLENN COYLE's activities and relevant conduct with respect to this case.

Stipulations

This Office and GLENN COYLE agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or GLENN COYLE from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and GLENN COYLE waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

- 4 -

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against GLENN COYLE. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against GLENN COYLE.

No Other Promises

This agreement constitutes the plea agreement between GLENN COYLE and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: JONATHAN D. LEVY
Assistant U.S. Attorney

APPROVED:

NORV McANDREW,
Attorney-in-Charge

I have received this letter from my attorney, John P. Doran, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

GLENN COYLE                             Date: 1/13/07

JOHN P. DORAN, Esq.                     Date: 1/13/07

- 5 -

## Plea Agreement With GLENN COYLE

### Schedule A

1. This Office and GLENN COYLE recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and GLENN COYLE nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2005 applies in this case. The applicable guideline is U.S.S.G. § 2G1.3. This guideline carries a Base Offense Level of 24.

3. Since the offense involved the use of a computer to entice a minor to engage in prohibited sexual conduct, Specific Offense Characteristic § 2G1.3(b)(3) applies. This Specific Offense Characteristic results in an increase of 2 levels.

4. As of the date of this letter, GLENN COYLE has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if GLENN COYLE's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

5. In accordance with the above, the parties agree that the total Guidelines offense level applicable to GLENN COYLE is 24 (the "agreed total Guidelines offense level").

6. The parties agree not to seek to argue for any upward or downward departure or any upward or downward adjustment not set forth herein under the Sentencing Guidelines. However, the parties reserve the right to make arguments under United States v. Booker, 125 S.Ct. 738 (2005) and Title 18, United States Code Section 3553(a).

7. GLENN COYLE knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 24. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the

Guidelines range that results from the agreed total Guidelines offense level of 24. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

        8. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.